# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES EARL NORWOOD,<br><br>                    Petitioner,<br><br>v.<br><br>CHERYL EPLETT,<br><br>                    Respondent. | Case No. 23-CV-1136-JPS<br><br>**ORDER** |

## 1.    INTRODUCTION

On August 28, 2023, Petitioner James Earl Norwood ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 4, 2024, Magistrate Judge Nancy Joseph screened the petition under Rule 4 of the Rules Governing Section 2254 Proceedings, found that all six grounds for relief survived screening, and ordered Respondent Cheryl Eplett ("Respondent") to file a response to the petition. ECF No. 6. The case was reassigned to this branch of the Court on January 26, 2024. On March 5, 2024, Respondent filed a motion to dismiss. ECF No. 12. The motion to dismiss is now fully briefed. ECF Nos. 13, 14, 15. For the reasons explained below, the Court will grant Respondent's motion to dismiss, and this action will be dismissed with prejudice.

## 2.    LEGAL STANDARD

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the

petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under § 2254(b)(1), federal habeas petitions involving state convictions require, as a preliminary matter, that a petitioner has exhausted the state remedies available to them. Further, where a claim was not previously brought for review in accordance with the proper state law rules, the claim will be barred from federal habeas review under the doctrine of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). This is so unless a petitioner can excuse procedural default by proving either cause and prejudice or a fundamental miscarriage of justice. *Id.* at 748. The relevant decision for this Court to review regarding these matters is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

3.  **FACTUAL BACKGROUND**

In 2015, following a jury trial in Milwaukee County Case Number 2015CF003397, Petitioner was convicted on one count of second-degree sexual assault with use of force and acquitted on one count of strangulation *State v. Norwood*, 2020 WL 13357582, at *2 (Wis. Ct. App. Dec. 1, 2020). Petitioner's trial counsel presented a theory of consent to sexual activity based on Petitioner's statement while in police custody that consensual sexual activity with the victim had occurred. *Id.* at *1. During pre-trial proceedings, this defense was discussed in relation to DNA analysis not yet

being complete; the parties both agreed that it was a "consent case" because Petitioner had already admitted to having sexual intercourse with the victim. *Id.* The State advised that they would disclose the DNA results if they became available but did not intend to wait for them. *Id.* Defense counsel did not object to proceeding to trial without this evidence because neither side believed it would be material to the present case. *Id.* Although the DNA results did become available the day before the trial commenced, it is unclear whether defense counsel reviewed them at any point before, during, or after the trial. *Id.* at *2. No DNA evidence was presented at trial. *Id.*

After the trial, Petitioner's trial counsel withdrew, and successor trial counsel was appointed for sentencing. *Id.* During sentencing, Petitioner told the circuit court that the DNA evidence showed he was innocent of sexual assault, but "somehow the DNA did not get entered in this case." *Id.* Petitioner pursued a direct appeal with the assistance of new counsel. *Id.* In that appeal, the only claim raised was a claim that the circuit court improperly denied the motion to admit other act evidence, namely, that the victim had falsely alleged in a paternity suit that he was the father of her child. *Id.* The Wisconsin Court of Appeals affirmed the trial court's order and judgment. *Id.* The Wisconsin Supreme Court denied review. *State v. Norwood*, 2019 WI 49, 386 Wis. 2d 524, 927 N.W.2d 916.

Subsequently, Petitioner filed a pro se Wis. Stat. § 974.06 collateral motion for postconviction relief, asserting the following grounds: (1) that he had newly discovered evidence warranting a new trial; (2) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), regarding the prosecution's failure to provide the exculpatory evidence [DNA results]; (3) ineffective assistance of trial counsel for failure to raise the *Brady* violation or failing to present

the evidence; (4) ineffective assistance of postconviction counsel for not bringing the claim of ineffective assistance of trial counsel despite Petitioner's request; (5) improper jury instructions regarding burdens of proof; and (6) newly discovered exculpatory DNA test results that warranted a new trial. *Norwood*, 2020 WL 13357582, at *2.

In December 2020, the Wisconsin Court of Appeals addressed each claim and summarily affirmed the trial court's denial of the motion, noting that the jury instruction claim had been abandoned on appeal. *Id.* at *2–5. As to the claim of newly discovered evidence, the court found it was barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994), because the DNA evidence existed prior to any postconviction proceedings. *Norwood*, 2020 WL 13357582, at *3. As to the claims that the State failed to produce the DNA evidence before trial and that trial counsel was ineffective for failing to uncover and present that evidence, the court held these claims were barred because they were insufficiently pled in the postconviction motion. *Id.* The court further declined to exercise its discretionary power pursuant to Wis. Stat. § 752.35 to order a new trial in the interest of justice. *Id.* at *4. The Wisconsin Supreme Court denied review in October 2021. ECF No. 1-3 at 11.

Petitioner filed a second pro se Wis. Stat. § 974.06 motion in August 2022, asserting claims of ineffective assistance of counsel and a *Brady* violation that were substantially the same as his first § 974.06 motion. *See* ECF No. 1-3 at 13. In recognition of this fact, the circuit court denied the motion. *Id.* at 13–15. Petitioner has appealed, but the appeal has not yet been decided by the Wisconsin Court of Appeals. In the meantime, Petitioner also filed a state petition for a writ of habeas corpus with the Wisconsin Supreme Court that was dismissed in December 2023 because other

adequate remedies exist in the law as required under *State ex rel. Marberry v. Macht*, 2003 WI 79, 23, 262 Wis. 2d 720, 665 N.W.2d 155. *Wisconsin v. Norwood*, Milwaukee Cnty. Case No. 2015CF003397, Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF003397&countyNo=40&index=0&mode=details#records (last visited Aug. 6, 2024); *see also* ECF No. 1-3 at 13–15.

### 4. ANALYSIS

Petitioner seeks federal habeas relief on the following six grounds, as clearly articulated in the Rule 4 screening order: (1) that he received ineffective assistance of trial counsel; (2) that he received ineffective assistance of postconviction counsel; (3) that there was insufficient evidence for his conviction; (4) that there is newly discovered evidence; (5) that the government violated *Brady* by failing to disclose exculpatory evidence; and (6) that a new trial is warranted in the interest of justice. ECF No. 6 at 3. Respondent moves to dismiss on the basis that Ground Three is unexhausted, Grounds One through Five are procedurally defaulted, and Grounds Four and Six fail to state claims upon which relief may be granted. ECF No. 13. As discussed in detail below, the Court will grant Respondent's motion to dismiss, and the petition will be denied.

#### 4.1 Exhaustion and Procedural Default

To obtain federal habeas relief from a state conviction, 28 U.S.C. § 2254(b)(1) requires that a petitioner either: (A) "has exhausted the remedies available in the courts of the State" or (B) no State corrective process is available, or the circumstances render that process unable to protect a petitioner's rights. There is no argument before this Court that

Page 5 of 19
Case 2:23-cv-01136-JPS   Filed 08/07/24   Page 5 of 19   Document 16

§ 2254(b)(1)(B) applies and therefore, as a preliminary matter, all the Petitioner's claims must be exhausted under § 2254(b)(1)(A).

For a ground to be exhausted, "the petitioner must assert his federal claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). Respondent does not dispute that Grounds One, Two, Four, Five, and Six are exhausted because those grounds were included in the Petitioner's first § 974.06 motion, a state post-conviction process. ECF No. 13.

Further, even when a federal constitutional claim has been exhausted through the state courts, a federal court is generally barred from reviewing claims that are procedurally defaulted. *Coleman*, 501 U.S. at 748. An unexhausted claim is procedurally defaulted when the state court would no longer entertain an opportunity to bring the claim to them for a review on the merits. *Id.* at 731. Additionally, a ground is procedurally defaulted when state courts previously decided the issue on state grounds adequate to support the judgment independent of the federal question. *Id.* at 729-30, 750. This procedural default bar exists regardless of whether the grounds are substantive or procedural. *Id.* at 729. Therefore, a state court's ruling that a petitioner is barred from challenging their conviction on the merits due to failure to comply with state procedural rules will serve as an adequate and independent state law procedural default bar in subsequent federal habeas proceedings. *Id.* "When a state court rejects a prisoner's challenge to his conviction on an independent and adequate state-law ground, "principles of comity and federalism dictate against upending the state-court conviction" and the federal claim is deemed procedurally

defaulted.'" *Garcia v. Cromwell,* 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Thomas v. Williams,* 822 F.3d 378, 384 (7th Cir. 2016)).

Respondent asserts that Grounds One through Five are procedurally defaulted for two reasons: (1) Ground Three by virtue of its non-exhaustion and Petitioner's inability to successfully bring the issue in a subsequent state court; and (2) Grounds One, Two, Four, and Five due to the Wisconsin Court of Appeals' rejection of them on adequate and independent state law grounds. For the reasons discussed below, the Court agrees and will grant Respondent's motion to dismiss on these grounds.

### 4.2 Ground Three

In Ground Three, insufficient evidence, as described in the Rule 4 screening order, Petitioner asserts that "inconsistent statements" made by the victim render her testimony incredible and without additional support, and there was insufficient evidence to convict the Petitioner beyond a reasonable doubt. ECF No. 6 at 3 n.1. As noted in the screening order, this ground is unexhausted because the argument is presented for the first time before this Court and was not included in Petitioner's direct appeal, either of his § 974.06 motions, or in any other appeals or post-conviction proceedings. *Id.* at 3.

Petitioner attempts to argue that Ground Three is in fact exhausted because it is a part of his previous arguments regarding Ground Two, ineffective assistance of postconviction counsel, in his § 974.06 motions. ECF No. 14. More specifically, Petitioner questions the credibility of the victim's statement, notes a lack of additional eyewitnesses or physical evidence, and asserts that the existence of the DNA evidence "clearly provides that he did not have sex with [the victim]" to argue insufficient evidence of sexual assault. *Id.* Petitioner links this to Ground Two by

Page 7 of 19
Case 2:23-cv-01136-JPS    Filed 08/07/24    Page 7 of 19    Document 16

arguing that postconviction counsel failed to raise the ineffectiveness of his trial counsel regarding the underlying issues of victim credibility and DNA evidence. *Id.* However, criticism of the actions of Petitioners' attorneys regarding the evidence presented at his trial and/or legal arguments on appeal is not the same as an argument about whether there was sufficient evidence to convict him. The Court finds that Petitioner has not exhausted Ground Three because he has not provided the state courts the full opportunity to consider this claim.

Ordinarily, a petition containing unexhausted grounds must be dismissed or where a petition contains both exhausted and unexhausted grounds, the federal court alternatively has the discretion to stay the petition to allow the petitioner to argue their unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). However, where the state would bar review of the merits of the claim due to non-compliance with the state's relevant procedural rules, the claim is also procedurally defaulted and thus barred in federal court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The Court finds that Ground Three is procedurally barred because it is too late to obtain a merits review in state court. Any claims in subsequent Wis. Stat. § 974.06 motions would be barred by *Escalona-Naranjo* without a sufficient reason that the issue was not previously raised in a prior postconviction motion or appeal. *See Carr v. Wisconsin,* No. 21-CV-492-JDP, 2023 WL 2327970, at *5 (W.D. Wis. Mar. 2, 2023), *amended on denial of reconsideration,* No. 21-CV-492-JDP, 2023 WL 2755331 (W.D. Wis. Apr. 3, 2023) (finding claims to be procedurally defaulted where petitioner could not raise them in a collateral motion under Wis. Stat. § 974.06). "In an

Page 8 of 19
Case 2:23-cv-01136-JPS     Filed 08/07/24     Page 8 of 19     Document 16

appropriate case, ineffective assistance of postconviction counsel may qualify as a sufficient reason to excuse a procedural default [for purposes of a § 974.06 motion]." *See Garcia*, 28 F.4th at 767 (citing *State v. Romero-Georgana*, 360 Wis. 2d 522, 542 (2014)). But this "gateway to merits review of a defaulted claim carries a heightened pleading burden" and would apply only if Plaintiff provided "factual allegations showing that the defaulted claims were 'clearly stronger' than the issues postconviction counsel chose to present." *See id.* (quoting *Romero-Georgana*, 360 Wis. 2d at 545).

Here, Petitioner has not met this heightened pleading burden. Petitioner makes no claim that his postconviction counsel was ineffective regarding this claim, nor does he claim that the Ground Three sufficiency of the evidence is clearly stronger than the issues postconviction counsel chose to present, and his filings do not suggest that they are. If Petitioner tried to raise his defaulted claim in a § 974.06 motion, the state courts would deny it under *Escalona‑‑Naranjo* and *Romero-Georgana*. These state procedural bars are independent and adequate. *Whyte v. Winkleski*, 34 F.4th 617, 624–25 (7th Cir. 2022); *Garcia*, 28 F.4th at 767, 774–75. As such, the Court finds that Petitioner procedurally defaulted his claim in Ground Three and it will be dismissed unless, as discussed below, the default can be excused.[1]

---

[1] Even if not procedurally barred, the Court would not issue a stay under *Rhines* for Petitioner to return to the state courts to exhaust this claim. *See* 544 U.S. at 276–77. A stay and abeyance would be appropriate only if Petitioner showed "good cause" for his failure to raise the claim in state court. *See id.* at 277. Petitioner has made no such showing here and the Court therefore would deny a stay to exhaust Ground Three in the state courts.

### 4.3 Grounds One, Two, Four, Five

Respondent argues that Grounds One, Two, Four, and Five are procedurally defaulted under *Escalona-Naranjo* and *Romero-Georgana* because the state court decided them on adequate and independent grounds. ECF No. 13 at 7–9. As discussed below, the Court agrees.

In the present case, Petitioner raised the claims underlying Grounds One, Two, Four, and Five in his first § 974.06 post-conviction motion. Wisconsin's statutory § 974.06 motion is intended to provide an efficient remedy for a collateral attack on one's conviction and sentence, primarily as a replacement for the habeas corpus process. *Escalona-Naranjo*, 185 Wis. 2d at 176. Further, its intent is to prevent repetitive motions, appeals, and petitions by generally requiring all such claims to be joined into a single motion or appeal. *Id.* at 177–78. As the Wisconsin Court of Appeals recognized in its December 2020 decision, Petitioner's right to a single motion or appeal was exercised during his direct appeal and any claims brought in later motions, appeals, or petitions are ordinarily procedurally defaulted. *Norwood*, 2020 WL 13357582, at *3. The court explained that "serial postconviction proceedings are barred unless the convicted person offers a sufficient reason that the claims presented in those proceedings were not previously raised in a prior postconviction motion or appeal." *Id.* at *3.

Here, the Court finds that Petitioner procedurally defaulted on Grounds One, Two, Four, and Five because the Wisconsin Court of Appeals decided these issues on independent and adequate state law grounds. As to Ground One, ineffective assistance of trial counsel, the Wisconsin Court of Appeals rejected the claim under *Escalona-Naranjo* because it was not raised in his prior postconviction motion and the court refused to excuse

Case 2:23-cv-01136-JPS   Filed 08/07/24   Page 10 of 19   Document 16

the procedural bar because Petitioner failed to plead that postconviction counsel was ineffective for not asserting that claim. *Id.* at *3-4 (citing *Romero-Georgana*, 360 Wis. 2d 522, ¶ 58). As to Ground Two, ineffective assistance of postconviction counsel, the Wisconsin Court of Appeals rejected this claim because Petitioner failed to sufficiently plead deficient performance of postconviction counsel. *Id.* at *3–4. Citing to *Romero-Georgana*, the Wisconsin Court of Appeals indicated that Petitioner "did not offer any explanation in his postconviction motion as to why, or how, or in what way the claims he raised in that motion were clearly stronger than the claim that appellate counsel pursued." *Id.* at *4.

As to Ground Four, newly discovered evidence, the Wisconsin Court of Appeals rejected this claim under *Escalona-Naranjo* because his explanation that the evidence did not exist during direct review was incorrect. *Id.* at *3. The court identified that the DNA "'newly discovered evidence' existed before his sentencing and were provided to him before he commenced any postconviction proceedings." *Id.* As such, the court found that Petitioner's proffered reason for belatedly raising the issue was insufficient and therefore the claim was barred by *Escalona-Naranjo. Id.*[2] As to Ground Five, the *Brady* claim, this claim is procedurally barred for the same reason as Ground One. The Wisconsin Court of Appeals rejected the claim under *Escalona-Naranjo* because it was not raised in his prior postconviction motion and the court refused to excuse the procedural bar

---

[2]Respondent also argues that Ground Four fails to state a cognizable habeas claim. The Court agrees because the law is clear that "the existence merely of newly-discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *See Herrera v. Collins,* 506 U.S. 390, 400 (1993) (internal quotations omitted). The Court need not address this issue at length, however, because the claim is procedurally defaulted.

because Petitioner failed to plead that postconviction counsel was ineffective for not asserting that claim. *Id.* at *3-4. As such, the Court finds these grounds for relief are procedurally defaulted because the Wisconsin Court of Appeals decided them on adequate and independent grounds.

Petitioner argues in his response brief that constitutional issues, because of their status as constitutional issues, are an independent sufficient cause to overcome procedural default, citing *Bergenthal v. State*, 72 Wis. 2d 740, 242 N.W.2d 199 (1976). ECF No. 14 at 2-3. However, this portion of *Bergenthal* was explicitly overruled in *Escalona-Naranjo* and all issues not raised previously, including constitutional ones, are barred "unless the court ascertains that a 'sufficient reason' exists for either the failure to allege or to adequately raise the issue in the [earlier motion or appeal]." *See Escalona-Naranjo*, 185 Wis. 2d at 181–82, 517 N.W.2d at 162. Therefore, this argument against procedural default fails.

As to Grounds Four and Five, Petitioner asserts as sufficient cause that he did not know about the DNA evidence or alleged *Brady* violation until after his trial. ECF No. 14. However, even if true, this fact alone does not serve as sufficient cause for why these issues were not included in the prior appeal, at which point the information was known. *See Norwood*, 2020 WL 13357582, at *3. Petitioner raises ineffective assistance of postconviction counsel to overcome this concern, as he did in his first § 974.06 motion, quoting Justice Abrahamson's dissent in *Escalona-Naranjo* about the unfairness surrounding the "legal fiction" of lawyers and clients acting as one in these types of situations. 185 Wis. 2d at 196.

Ineffective assistance of postconviction counsel, indeed, may be a sufficient reason to overcome procedural default, as the court in *Escalona-Naranjo* acknowledges. *Id.* at 184. Courts assess the sufficiency of ineffective

assistance of counsel generally by looking at the four corners of the movant's motion by itself and reviewing whether there are sufficient material facts of who, what, where, when, why, and how, to adequately allege ineffective assistance of counsel. *State v. Allen*, 2004 WI 106, ¶ 23, 274 Wis. 2d 568, 682 N.W.2d 433; *see also State v. Balliette*, 336 Wis. 2d 358, 805 N.W.2d 334, ¶¶ 35–36, 58–60. A sufficient allegation of ineffective assistance of counsel must include both that the attorney's "representation fell below an objective standard of reasonableness" and that this was prejudicial to the client. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Further, a sufficient claim of ineffective assistance of postconviction or appellate counsel also requires that a petitioner compare the arguments made by the postconviction or appellate attorney with those in which they now assert and demonstrate that the latter are "clearly stronger" than the former. *Romero-Georgana*, 2014 WI 83, ¶ 4, 360 Wis. 2d 522, 849 N.W.2d 668. Petitioner, as in his first § 974.06 motion, does not engage in any substantial discussion of the *Strickland* reasonableness or "clearly stronger" *Romero-Georgana* standards, apparently because of his disagreement that the latter applies in the present case. ECF No. 14.

Instead, Petitioner argues that the Wisconsin Court of Appeals erred in their application of state law because he believes he did meet the baseline specificity required under the *Allen* test, and he does not need to use the *Romero-Georgana* standard. ECF No. 14. The Wisconsin Court of Appeals also held that Petitioner could not rely on the ineffective assistance of counsel argument because of those claims themselves being insufficiently pled. Petitioner now asks this Court to review the state court's application of state law regarding whether the claim is procedurally barred. *Id.* However, "'it is not the province of a federal habeas court to reexamine

state-court determinations on state-law questions.'" *Rogers v. Wells*, 96 F.4th 1006, 1012 (7th Cir. 2024) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Therefore, a federal court may not challenge the state court's ruling on independent and adequate state law substantive grounds of insufficient pleading under the *Allen* test, *Escalona-Naranjo*, *Balliette*, and/or *Romero-Georgana*. *Garcia*, 28 F.4th at 767.

In sum, the Court finds that Grounds One, Two, Three, Four, and Five are procedurally defaulted in the present petition under either the failure to exhaust or the adequate and independent state grounds doctrine. As such, the Court must dismiss them unless the Petitioner can excuse the default. *See id.* ("[F] federal review is barred unless [petitioner] can establish cause for and prejudice from his default.").

### 4.4 Potential Excused Procedural Default

When a claim is procedurally defaulted, a federal court will not re-open the issue in a writ of habeas corpus unless there is either a sufficient demonstration of cause to excuse the default and prejudice that occurred as a result, or a fundamental miscarriage of justice, demonstrated by a sufficient showing of actual innocence. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). This is particularly true for claims previously decided in state courts on adequate and independent state law grounds because of federalism and finality in criminal justice proceedings concerns. *Id.* at 392–93.

Here, Petitioner cannot prove cause and prejudice to excuse his procedural default. The standard for demonstrating cause is a showing that an "external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Having not been represented by counsel during his first § 974.06

motion, Petitioner was solely responsible for pleading the merits of his claims. Petitioner offers little external explanation for his inability to do so other than mere disagreement with the law governing his action and the state courts' interpretation of it, which this Court is not permitted to disrupt, as discussed above. Therefore, Petitioner has not met his burden of proving the cause component of this exception to the procedural default rule and the Court need not address the issue of prejudice.

Alternatively, Petitioner is allowed to excuse procedural defaults with a showing of actual innocence. For an actual innocence excuse to be successful, a petitioner must carry the burden of proving that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–38 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This rule seeks to resolve only those extraordinary cases in which a petitioner can demonstrate actual innocence that necessitates providing relief to severe injustice. *Id.* A petitioner's high burden, as a gateway to excusing procedural default, is to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. While the alleged new evidence does not need to be newly discovered evidence but rather only evidence not presented at trial, it must be conclusive evidence. *Dixon v. Williams*, 93 F.4th 394, 403–04 (7th Cir. 2024). Further, a court reviews the new evidence not on its own, but as part of the totality of the factual record in front of it. *Id.* A court may also re-evaluate the credibility of witnesses and statements made at trial in light of the new evidence as part of their totality of the record analysis. *House*, 547 U.S. at 538–39.

For example, the court held in *House* that new DNA evidence belonging not to the petitioner but to another was important in a habeas petition challenging the petitioner's murder conviction because of its influence on the jury's assessment of motive for the crime that the prosecution had at trial suggested was because of a sexual assault. 547 U.S. at 540–41. By contrast, here, Petitioner's lack of DNA on the victim's rape kit is not significant in the present case because his conviction was based not on DNA evidence, but instead on the testimony of the victim herself regarding lack of consent and the Petitioner's confession of sexual contact. Petitioner asserts that the lack of his DNA proves sexual assault did not occur because it proves no sexual contact occurred. However, this argument not only does not even attempt to explain, but rather ignores altogether, Petitioner's contrary statement to law enforcement and his uncontested presence at the victim's house on the night of the sexual assault as part of the factual record.

Instead of addressing this concern, Petitioner falls back on arguing that the prosecution lacked sufficient evidence to sustain a conviction in the first place. However, this is an improper argument in the inquiry of "not whether a particular juror would have the power to convict in light of the old and new evidence, but rather 'how a reasonable juror would react to the overall, newly supplemented record.'" *Coleman v. Hardy*, 628 F.3d 314, 319 (7th Cir. 2010) (quoting *House*, 547 at 538). Petitioner's DNA (or lack thereof) on the victim's rape kit is not crucial and would not substantially influence a reasonable juror's disposition when presented not with the question of whether sexual intercourse occurred (which was not contested because of Petitioner's police statement), but instead the actual question of whether the contact was consensual. This case is not exceptional and does not meet the

high hurdle for actual innocence. As such, actual innocence cannot serve to excuse the procedurally defaulted claims as detailed above. Petitioner presents no excuse for his procedural default, and the Court therefore grants Respondent's motion to dismiss as to Grounds One, Two, Three, Four, and Five.

### 4.5 Ground Six Fails to State a Claim

Finally, regarding Ground Six, the Court finds that this ground fails to state a cognizable federal habeas claim. Petitioner states this claim as part of his request for relief, asking for "discretionary reversal power order new trial." ECF No. 1. The screening order understood this request as one for a "new trial in the interest of justice." ECF No. 6. The court interprets this as a reference to Wisconsin Statutes § 752.35 and the Wisconsin Court of Appeals' use of their discretionary power to deny ordering a new trial. To the extent Petitioner questions the appellate court's application of the Wisconsin statute to deny him a new trial, this court agrees with Respondent that Ground Six is not cognizable on habeas review. *See Curtis v. Montgomery,* 552 F.3d 578, 582 (7th Cir. 2009) ("We may not review state-court interpretations of state law."). As the Supreme Court has noted, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle,* 502 U.S. at 67–68. Simply put, errors of state law are "beyond the power of a federal habeas court to address." *Perruquet,* 390 F.3d at 512. As such, the Court will dismiss Ground Six because it fails to state a cognizable federal habeas claim.

### 5. CONCLUSION

For the reasons discussed above, the Court finds that Grounds One, Two, Three, Four, and Five are barred by procedural default and unexcused by either cause and prejudice or actual innocence. As such, the Court may

Page 17 of 19
Case 2:23-cv-01136-JPS   Filed 08/07/24   Page 17 of 19   Document 16

not review these grounds on the merits. The Court also finds that Ground Six fails to state a cognizable federal habeas claim. Accordingly, the Court will grant Respondent's motion to dismiss on all six grounds and will dismiss this case with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, the Petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the amended petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). For the reasons discussed above, no reasonable jurists could debate whether the Petitioner's grounds were either procedurally defaulted, whether an exception applied to excuse the default, or whether Ground Six states a claim. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.